**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

CHARLES R. NORRIS,                                   Civil Action

        Plaintiff,                                   No.

   v.

BODINE PERRY PLLC d/b/a
DGPERRY PLLC,                                        JURY TRIAL DEMANDED

        Defendant.

**<u>CIVIL COMPLAINT</u>**

Plaintiff, Charles R. Norris by undersigned counsel, files this Civil Complaint, and in support states the following.

**I. Jurisdiction and Administrative Exhaustion**

1.     Plaintiff invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331 and its supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2.     Plaintiff has exhausted the administrative remedies set forth under the Age Discrimination in Employment Act (ADEA), the Americans with Disabilities Act (ADA), the Pittsburgh City Code, and the Pennsylvania Human Relations Act (PHRA) as follows:

    a. On December 17, 2024, he timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging age and disability discrimination, and requested dual-filing with the Pennsylvania Human Relations Commission (PHRC) pursuant to the EEOC and PHRC's work-sharing agreement;

    b. On January 14, 2025, the EEOC transferred the charge to the Pittsburgh Commission on Human Relations (Pgh CHR) for investigation;

    c. On December 19, 2025, the EEOC issued a Notice of Right to Sue on request;

    d. On December 23, 2025, the Pgh CHR issued an Administrative Release – Right to Sue;

1

e. Plaintiff filed this action within 90 days of receipt of the Notice of Right to Sue from the EEOC, and within 2 years of receipt of the Administrative Release-Right to Sue from the Pgh CHR; and

f. More than one year has passed since Mr. Norris dual-filed his charge with the PHRC.

## II. Parties

3. Plaintiff, Charles R. Norris, is an adult individual who resides in Butler County, Pennsylvania.

4. Defendant, Bodine Perry PLLC, is a Florida restricted professional limited liability company with a principal place of business located at 2730 Sidney Street, Suite 3000, Pittsburgh, Pennsylvania 15203.

5. Defendant owns the registered fictious name DGPerry PLLC and does business under that name.

6. In 2024, Defendant employed more than 20 employees in at least 20 weeks of the calendar year.

7. In 2024, Defendant employed at least 5 employees in the City of Pittsburgh.

8. In 2024, Defendant employed at least 4 employees in the Commonwealth of Pennsylvania.

### III. Factual Background

9. Mr. Norris began working for Markovitz Dugan & Associates as a Staff Accountant in August 2008.

10. In 2021, Defendant acquired Markovitz Dugan & Associates, and Mr. Norris became an employee of Defendant in its Pittsburgh office.

11. Mr. Norris' position with Defendant was Supervisor. He performed the duties of a

2

non-CPA tax accountant.

12.    Mr. Norris successfully performed his position with Defendant, without performance deficiencies or discipline.

13.    On August 29, 2024, Derek Smith, the Managing Partner of Defendant's Pittsburgh office, informed Mr. Norris that he was chosen for a position elimination.

14.    Mr. Norris asked why he was chosen for a position elimination.

15.    In response, Mr. Smith stated, "frankly, because of your age and your health."

16.    As of August 29, 2024, Mr. Norris was 68 years old, and would be turning 69 in about a month and a half.

17.    Mr. Norris suffers from Chronic Obstructive Pulmonary Disease (COPD), an impairment which substantially limits breathing.

18.    Mr. Norris could perform all the essential functions of his position, with or without reasonable accommodation.

19.    Mr. Norris worked from home on occasion when his COPD affected his mobility, and only needed the occasional day off when severe complications arose.

20.    Mr. Norris used an oxygen concentrator in his office when the need arose.

21.    Mr. Norris' termination from employment was effective September 30, 2024.

22.    Mr. Norris was the only employee in the company with the title Supervisor to be discharged.

23.    Defendant retained eight other Supervisors, all of whom were significantly younger than Mr. Norris.

24.    Specifically, three of the Supervisors whom Defendant retained were age 27; one was 29; one was 30; one was 39; one was 40; and one was 57.

3

## COUNT I
### ADEA: Age Discrimination

25.     Plaintiff incorporates the foregoing paragraphs by reference as if fully restated.

26.     Defendant discharged Mr. Norris because of his age, in violation of the ADEA, 29 U.S.C. § 623(a)(1).

27.     Defendant's violation of the ADEA was willful.

28.     As a direct and proximate result of Defendant's violation of the ADEA, Mr. Norris has suffered damages, including lost wages and benefits.

## COUNT II
### ADA: Disability Discrimination

29.     Plaintiff incorporates the foregoing paragraphs by reference as if fully restated.

30.     Defendant discharged Mr. Norris because of his actual or perceived disability, in violation of the ADA, 42 U.S.C. § 12112(a).

31.     Defendant's violation of the ADA was undertaken with malice and/or reckless disregard of Mr. Norris' federally-protected rights.

32.     As a direct and proximate result of Defendant's violation of the ADA, Mr. Norris has suffered damages, including but not limited to lost wages and benefits, emotional distress, humiliation, inconvenience, and like injuries.

## COUNT III
### Pittsburgh City Code: Age and Disability Discrimination

33.     Plaintiff incorporates the foregoing paragraphs by reference as if fully restated.

34.     Defendant discharged Mr. Norris because of his age and his disability, in violation of the Pittsburgh City Code, Title 6, Article V, § 659.02(a).

35.     As a direct and proximate result of Defendant's violation of the Pittsburgh City Code, Mr. Norris has suffered damages, including but not limited to lost wages and benefits, emotional distress, humiliation, inconvenience, and like injuries.

## COUNT IV
### PHRA: Age and Disability Discrimination

36.     Plaintiff incorporates the foregoing paragraphs by reference as if fully restated.

37.     Defendant discharged Mr. Norris because of his age and his disability, in violation of the PHRA, 43 Pa. Stat. § 955(a).

38.     As a direct and proximate result of Defendant's violation of the PHRA, Mr. Norris has suffered damages, including but not limited to lost wages and benefits, emotional distress, humiliation, inconvenience, and like injuries.

WHEREFORE, Plaintiff demands judgment against Defendant and requests that the Court order the following relief:

a. Defendant shall compensate Plaintiff for the full value of wages he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest until the date Plaintiff is  offered employment into a position substantially equivalent to the one which Plaintiff occupied, grossed up for any negative tax consequences;

b. Defendant shall compensate Plaintiff for lost fringe benefits, grossed up for any negative tax consequences;

c. Defendant shall reinstate Plaintiff into the position he held, together with all benefits incident thereto, including, but not limited to wages, commissions, fringe benefits, training and seniority, or shall provide Plaintiff with front pay in the event reinstatement is not feasible;

d. Plaintiff shall be awarded compensatory damages against Defendant to compensate him for emotional distress, humiliation, inconvenience, loss of reputation, and like injuries under Counts II-IV;

e. Plaintiff shall be awarded punitive damages to punish Defendant and to deter Defendant and others from like conduct under Count II;

5

f.  Plaintiff shall be awarded liquidated damages in an amount equal to lost wages and benefits under Count I;

g.  Defendant shall be enjoined from discriminating against Plaintiff in any manner that violates the ADEA, the ADA, the Pittsburgh City Code, and/or the PHRA;

h.  Plaintiff shall be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

i.  Plaintiff shall be granted such further legal and equitable relief as the Court may deem just and proper.

Respectfully submitted,

ELZER LAW FIRM, LLC

/s/ Christine T. Elzer
Christine T. Elzer
Pa. I.D. No. 208157
Tamra Van Hausen
Pa. I.D. No. 330577
960 Penn Ave. Suite 1001
Pittsburgh, PA 15222
(412) 230-8436
celzer@elzerlaw.com
tvanhausen@elzerlaw.com

Attorneys for Plaintiff

6